Filed 9/24/25  P. v. Alvarez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>EVELYN MONIQUE ALVAREZ,<br><br>　　　Defendant and Appellant. | D085175<br><br><br>(Super. Ct. No. 24PA-000788) |

APPEAL from an order of the Superior Court of San Bernardino County Superior Court, Donna G. Garza, Judge.  Affirmed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Evelyn Monique Alvarez appeals the trial court's order revoking her parole and remanding her to the custody of the California Department of Corrections and Rehabilitation (CDCR).

Her counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) to determine whether there are any arguable issues for review.  We sent Alvarez notice that her attorney had filed a *Wende* brief and provided her with the opportunity to file a supplemental brief.  She has not responded.  After our independent review of the record, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Alvarez was convicted of continuous sexual abuse of a child under the age of 14 years and committing a lewd or lascivious act upon a child under the age of 14.  (Pen. Code,[1] §§ 288.5, subd. (a), 288, subd. (a)).  The court sentenced her to 14 years in state prison.

Alvarez was released on parole on November 9, 2023.  As a condition of her parole, Alvarez was ordered to stay 300 feet away from any park.  After discovering that Alvarez had spent nearly two hours in a park in violation of this condition, Alvarez's parole agent filed a petition for revocation.  Alvarez admitted to her parole agent that she had been in the parking lot of the park.

At her parole revocation hearing, the court affirmed that Alvarez was on parole under section 3000, subdivision (b)(4)(C).  It concluded she had violated the terms and conditions of her parole, revoked parole supervision, and remanded her into the custody of the CDCR for future parole consideration.

Alvarez timely appealed.

DISCUSSION

As previously noted, appellate counsel filed a *Wende* brief and asks the court to independently review the record for error.  Counsel did not identify a

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

2

specific *Anders* issue.  However, to assist the court in its review of the record, counsel did set forth defense counsel's argument below that section 3000.08, subdivision (h)—the provision that called for Alvaraz to be remanded to the CDCR—did not apply and that Alvarez's maximum possible term should have been 180 days in county jail.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel represented Alvarez on this appeal.

DISPOSITION

The order is affirmed.


McCONNELL, P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.